# Columbia Turnverein *v.* Gothard Wyss, Appellant.

*Contract—Practice, C. P.—Affidavit of defense—Collateral agreement.*

An affidavit is insufficient to prevent judgment which admits the whole of the plaintiff's claim, but seeks to avoid liability through an alleged agreement which defendant would be powerless to enforce.

Argued April 26, 1897.　Appeal, No. 106, April T., 1897, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1896, No. 483, for want of a sufficient affidavit of defense.　Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.　Affirmed.

Appeal from judgment of alderman.

The facts sufficiently appear in the opinion of the court.

Judgment was entered in favor of plaintiff for want of a sufficient affidavit of defense for $110.10.　Defendant appealed.

*Error assigned* among others was (1) entry of judgment for want of a sufficient affidavit of defense.

*L. K. Porter*, with him *S. G. Porter*, for appellant.—It is a principle well established by this court that where the plaintiff's statement does not show a complete right to recover he is not entitled to judgment: Gottman v. Shoemaker, 86 Pa. 31.

In Bartoe v. Guckert, 158 Pa. 124, the court below held that the filing of an affidavit of defense waived the right to resist judgment.

This was reversed in above case by a per curiam, to wit: "The filing of one is no waiver of an objection to the sufficiency of the plaintiff's affidavit of claims: " Ins. Co. v. Boggs, 172 Pa. 91.

No paper-book or appearance for appellee.

OPINION BY ORLADY, J., July 23, 1897 :

In this action the plaintiff filed its statement alleging "that said plaintiff organization having determined to build a gymnasium and hall, solicited subscriptions and donations to its building fund from its members. That said defendant being then a member of said plaintiff corporation together with other members, subscribed and promised to pay to the building fund of said plaintiff, the sum of $100, payable in March, 1895. That the said plaintiff corporation did erect a building, the said gymnasium and hall, for which defendant made his said subscription, and a demand being made on him for its payment, he has neglected and refused to pay said sum by him subscribed, and the same remains wholly due and unpaid." The defendant filed his affidavit of defense, in which he set out that he had a full and complete defense to plaintiff's claim, as follows : "Defendant admits subscribing the sum of $100 toward the erection of plaintiff's building, but avers that said subscription was made under the express agreement that defendant (who is a contractor) was to receive the contract for the erection of the said building ; " and avers further, " that the plaintiffs violated their agreement with him and awarded the contract to one Schuette, wherefore, affiant denies that he is indebted to plaintiff in the sum alleged, or in any sum whatever."

On a rule to show cause why judgment should not be entered for want of sufficient affidavit of defense, judgment was entered for the plaintiff.

While the plaintiff's statement is defective in some particulars, it is still sufficient to sustain the judgment; no objection was made to it at the time of filing the affidavit of defense, and the defendant admits the principal allegation—that he subscribed the sum of $100, for the purpose as alleged, and which means that he promised to pay it to the plaintiff. His defense is based upon a collateral agreement, and will not avail him, inasmuch as he does not state with whom it was made, its terms, what was the evidence of it, or that the party making the agreement had any authority to represent the plaintiff. On the facts as stated in the affidavit, he admits the whole of the plaintiff's claim and seeks to avoid his liability through an alleged agreement which he would be powerless to enforce: McGonnigle v. McGonnigle, ante, p. 168.

The assignments of error are overruled, and the judgment is affirmed.